*In re* MARRIAGE OF GAYLE M. MILLER, Petitioner-Appellant, and DAVID A. MILLER, Respondent-Appellee.

First District (3rd Division) No. 85—2440

Opinion filed May 18, 1988.

Stanley F. Kaplan, P.C., of Chicago (Stanley F. Kaplan and Claire Adair, of counsel), for appellant.

Kirsh, Berman & Hoffenberg and Jerome Marvin Kaplin, both of Chicago (Alan David Hoffenberg, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

David and Gayle Miller, in their 1982 divorce action, contested the custody of their two daughters. The trial court awarded custody to David on December 12, 1982, and Gayle appealed. On December 29, 1984, this court, in an unpublished order, reversed the trial court's custody judgment, awarded the children to Gayle, and ordered that they be returned to her prior to the start of the January 1985 school semester. David kept the children while petitioning this court for rehearing of the appeal; that petition was denied on February 19, 1985. On March 13, 1985, while still holding the children, David petitioned the trial court for change of custody. On June 11, 1985, the court ordered David to return the children to Gayle, and she took actual custody one week later.

Gayle filed a motion to strike David's petition for change of custody, citing section 610(a) of the Illinois Marriage and Dissolution of Marriage Act, which provides that "no motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral, or emotional health." (Ill. Rev. Stat. 1985, ch. 40, par. 610(a).) David's petition did not allege that there was reason to believe that the children's environment endangered their health, and no affidavits to that effect were filed. The trial court nevertheless denied Gayle's motion to strike, and we allowed her interlocutory appeal. The proceeding in the trial court continued, and the court granted David's petition and awarded custody to him, effective September 11, 1985.

Gayle contends that the trial court erred in allowing David's petition because two years had not elapsed since the December 1984 order of this court which granted her custody. David contends that the two-year ban on custody modification began to run in December 1982, when the trial court's initial custody judgment was entered, and that his petition, filed more than two years from that point, was therefore in compliance with the statute.

■■ ■ Section 610 expresses the legislature's desire to promote stability and continuity in a child's custodial and environmental relationships by granting some finality to custody judgments. (*In re Custody of Harne* (1979), 77 Ill. 2d 414, 421, 396 N.E.2d 499.) The trial court's failure to strike a petition filed so soon after this court's order resulted in the very instability and lack of finality that the statute seeks to prevent: David sought to modify a custody judgment even before he had complied with it, and the children stayed with Gayle for only two months before being returned to their father by the trial court. In addition, David's reading of section 610 is contrary to the express words of the statute. David sought to modify the December 28, 1984, order of this court which gave Gayle custody of the children. The statute provides that no motion to modify a custody judgment may be made earlier than two years after its date. We cannot justify an interpretation of the statute which allows a result so clearly contrary to its purpose and language.

■ We hold that the custody judgment which is entitled to the statute's two-year protection from modification is the judgment which finally establishes custody with the parent opposing modification. When David's petition was filed, that custody judgment was this court's 1984 order. The petition was therefore premature and should

have been dismissed by the trial court. For clarity and to prevent further frustration of the results directed by this court's order, we hold that with this judgment, which again grants custody to Gayle, the running of section 610's two-year period begins anew. We reverse the order of the circuit court of Cook County and order that custody of the children be granted to Gayle forthwith.

Reversed.

McNAMARA and FREEMAN, JJ., concur.